## WILSON *et al.* v. HART, *Appellant.*

1. **Equity** : DISPUTED BOUNDARIES : JURISDICTION. A court of equity has no jurisdiction to fix boundaries of legal estates unless some equity is superinduced by the act of the parties.

2. ———— : APPELLATE PRACTICE. Where a petition wholly fails to state a cause of action either at law or in equity, the decree and judgment of the circuit court in favor of the plaintiff will be reversed and the bill dismissed.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*J. C. Kiskaddon* and *John R. Martin* for appellant.

The court erred in its location of the quarter-section corner in question.

*John W. Booth* for respondents.

There was no error in the action of the court.

BRACE, J.—The petition in this case alleges that the plaintiffs are the owners in fee and in possession of the southwest quarter of section 19, township 44, range 1, west, in Franklin county, and that the defendant is the owner in fee and in possession of the northwest quarter of said section; that the line between the said northwest and southwest quarters of said section has never been established by authority of the government of the United States; that there is a controversy between plaintiffs and defendant as to the true location of the dividing line between said quarter sections in which dispute the plaintiffs claim that said dividing line should be run and located as follows: "Beginning at the quarter-section corner on the eastern line of said section and running thence in a straight line to a point on said range line equidistant from the northwest and southwest corners of said section nineteen, and the defendant denies that the said line should be run and located as aforesaid, and claims that it should be run from said quarter-section corner in a straight line to a point on said range line the same distance north of the quarter-section corner on the east line of section 24, township 44, range 2 west, as the southeast corner of said section 24 is south of the southwest corner of said section 19."

That plaintiffs have no remedy for the settlement of said dispute, and to fix and adjudicate the true location of said dividing line, save by the intervention of the equity powers of this court, and accordingly pray the court, by its decree to determine the manner in which said line shall be run and located, and to direct the same to be so run and located, and to fix and establish forever the said boundary line and for all other proper relief.

The defendant in his answer admits that he is the owner in fee of said northwest quarter, and avers that the plaintiffs are in possession of a strip of the south side

thereof which he avers they wrongfully withhold from the defendant, and avers that the boundary line between said quarter section should be located in accordance with his claim as set out in the petition and prays the court by its decree to direct the county surveyor *to so* locate and establish it.

The court below entertained the petition. The plaintiff introduced the plat book and field notes of the government survey of said section 19, and adjoining sections, and a plat showing the difference between the present chaining and that of the original government survey. It further ordered a survey and rendered a decree in accordance with plaintiffs' claim and the prayer of the petition, from which the defendant appeals, his motion for a new trial having been over-ruled.

I. The facts stated in the petition constitute no cause of action at law and no ground for equitable relief. "A court of equity has no jurisdiction to fix boundaries of legal estates unless some equity is superinduced by the act of the parties." *Norris' Appeal*, 64 Pa. St. 275. The limit of equity jurisdiction in cases of disputed boundaries is thus stated by leading text-writers, and is established by an unbroken chain of adjudicated cases, many of which are cited in the notes to the texts quoted: "The general rule now adopted is, not to entertain jurisdiction in cases of confusion of boundaries upon the ground that the boundaries are in controversy, but to require that there should be some equity superinduced by the act of the parties." 1 Story's Equity, sec. 615. "The mere fact however that certain boundaries are in controversy is not of itself sufficient to authorize the interference of equity; and upon such showing the parties would be left to their rights and remedies at law. Courts of equity will not interpose to ascertain boundaries unless in addition to a naked confusion of the controverted boundaries, there is suggested

some peculiar equity which has arisen from the conduct, situation or relations of the parties." 3 Pomeroy's Eq., sec. 1384. "As the line of demarcation determines the extent of the possession on either side, and the right to possession is a legal right, a contest about the line necessitates a trial by jury, and equity cannot be resorted to in such cases. The jurisdiction of chancery to fix disputed boundaries, where these have become obscure, has been recognized by the courts, but only in cases in which some special equity attaches and there is no adequate relief at law. * * * Among the grounds of equitable interference may be mentioned multiplicity of suits, irreparable mischief not easily measured by damages, fraud or mistake." Sedgwick & Wait on Trial of Title to Land, sec. 865. As a general rule a court of equity has no jurisdiction to fix the boundaries of legal estates unless some equity is superinduced by the act of the parties, or unless some particular circumstance of fraud or collusion exists. 6 Am. & Eng. Ency. of Law, p. 7.

The case presented by the petition is a bare, naked controversy between the plaintiff, who is in the peaceable possession of all the lands he claims, and the defendant, an adjoining proprietor, as to a single dividing line between their premises, which can be settled any day in an ordinary action of ejectment should it ever become necessary, and presents no feature that would warrant the interposition of a court of chancery.

II. The petition wholly failing to state a cause of action either at law or in equity, the decree and judgment of the circuit court will be reversed and the plaintiff's bill dismissed. *McIntire v. McIntire*, 80 Mo. 471. All concur, except RAY, C. J., absent.