WALTER T. JOHNSON, Appellant, v. BUFFALO SCHOOL DISTRICT No. 1 of Dallas County, Missouri, Respondent, No. 41409—231 S. W. (2d) 693.

Division Two, July 10, 1950.

*Donnelly & Donnelly* and *David Donnelly* for appellant.

*Theo. G. Scott* for respondent.

■ ELLISON; P. J.—This is a suit to determine title under Sec. 1684, R. S. 1939, Mo. R. S. A., with a second count in ejectment, brought by the plaintiff-appellant Johnson against the defendant-respondent Buffalo School District No. 1 of Dallas County. The land involved is that marked "Tract A Reserved" on the subjoined plat.

As will be seen, Tract A on the plat is a strip of land 622.38 feet long and 100 feet wide, abutting the respondent School District's land on the south. It is described in appellant's petition by governmental description as starting 746.48 feet north of the center of Sec. 26, Tp. 34, Rg. 20 in Dallas county, and extending thence west and south of the major and minor dimensions aforesaid. The location of the starting point of this description should be 745.48 feet north of the center of Sec. 26, according to the figures on the plat [1090 ft.—245.52 and 99 feet]. The plat was made for appellant by a civil engineer who died two weeks before the trial.

The respondent school district claims the 100 foot strip in Tract A as a part of its land to the north. Its defense, which the trial court

upheld, is founded on its chain of title to its own adjacent land, notwithstanding certain erroneous descriptions therein, and the facts must be set out in some detail to arrive at a correct understanding of the case. But before going into that, it should be stated the points made here by the appellant are that: (1) the trial court erred in permitting respondent's attorney and main witness, Theodore G. Scott, to give testimony collaterally attacking a condemnation judgment in the chain of title, and thereby attempting to modify the same; (2) witness Scott was permitted to testify as an expert, when he was not qualified as such; (3) and the decree was against the weight of the evidence, unsupported by sufficient evidence, and for the wrong party.

The northermost tract designated as "School Property" in the foregoing plat contains three acres and was acquired by the respondent school district in 1891 by deed from Thomas P. Welch recorded in Book 39, page 66, recorder's office. It was the original school site and is described in the deed as follows [hereinafter called "Description 1"]:

"Commencing 228 feet due west of the northeast corner Thomas P. Welch's pasture, which corner is near the northeast corner of Lot 18, Williams Addition to the Town of Buffalo, Missouri, thence due south 5.57 chains to south boundary line of Lots 16 and 17 of said Addition, which line is near hedge fence on south side of said pasture on the line between Charles F. Johnson and the said Thomas P. Welch's land, thence west 5.43 chains or sufficient distance so *that a complete rectangle will make an area of three acres,* thence north 5.57 chains to near north line of said Lots 16 and 17 on parallel line with the starting point, thence east to the beginning point, containing three acres, and being a part of Lots 16 and 17 of aforesaid Addition to Buffalo. * *" (Italics ours)

The father of the appellant Johnson owned land on both the west and south sides of said northermost three acre tract. In 1938 he sold to the school district by deed recorded in Book 144, page 489, the two acre tract marked "School Property", next below the three acre tract. The description in the deed was as follows [hereinafter called "Description 2"]: "Commencing at a point 1090 feet north and 264 feet west of the center of Section 26, Township 34 and Range 20, *the said point being the southeast corner of the present school property,* thence west 5 chains and 43 links, thence south 3 chains and 72 links, thence east 5 chains and 43 links, thence north 3 chains and 72 links to the place of beginning, and being a part of the southeast quarter of the northwest quarter of Section 26, Township 34 and Range 20, and containing in all two acres." (Italics ours)

In May, 1942, the respondent school district acquired by a judgment in condemnation, Record S, pages 437, 443, Dallas County circuit court, the third, or southermost 99 foot strip marked "School Prop-

erty" on the foregoing plat. The description of that land in the judgment was as follows [hereinafter called "Description 3"]: "Beginning at a point *844.48* feet north and 622.38 feet west of the center of Section 26, Township 34, Range 20, *said point being the southwest corner of the present school property,* thence south 99 feet, thence east 562.32 feet to road, thence north 455.4 feet to the street leading to the public square and to school house, thence west 231 feet *or to the present school property,* thence south 356.40 feet to the *southeast corner of school property,* thence west 358.38 feet or to the place of beginning." (Italics ours)

As we understand, this condemnation suit was brought, and the judgment therein rendered after the death of appellant's father. It was followed in 1944 by a partition suit between the father's heirs, in which his land was divided in kind between them and—so far as concerns the present controversy—appellant was awarded 31 acres south of the school district property. The description of the 31 acres excepted the *"part heretofore deeded for school purposes,"* and also the part so *"used"* in the Williams Addition. (Italics ours)

It is conceded the appellant's land abuts the School District property on the south side thereof, and the question is whether Tract A in appellant's plat is a part of his land or the school land. It has never been deeded to the School District as a *separate* specific tract. The School District has a record title only to its original three acre tract, the two acre tract, and the 99 foot strip acquired by condemnation in 1942. ■ But Tract A has since been used by the school as a part of its athletic field, and has been fenced in with the school's land except for a brief interruption.

Appellant had a survey made in 1946 or 1947, from the *center of Sec. 26,* which was the starting point of both Description 2 and Description 3, supra, respectively covering the school's two acre tract and the 99 foot strip next below it. In the former description the first call was to go 1090 feet north from that point; in the latter it was to go 844.48 feet north—which was the same thing, because the 245.52 foot perpendicular width of the two acre tract added to the 844.48 feet would make 1090 feet.

By chain measurement from said center of Sec. 26, *as relocated,* appellant and his surveyor concluded the 1090 foot distance would move the school's two acre tract and 99 foot strip 100 feet north of where it was on the ground. Hence they *inserted* the 100 foot wide Tract A between the school land and appellant's own land to the south, and platted a large Addition to the City of Buffalo including it. This Addition (except the school land) is not shown in the plat set out at the beginning of this opinion. The respondent School District has measured the distance between the same points and finds it to be 990 feet for the two acre tract, and 744.48 feet for the 99 foot strip.

However, the respondent district raises another serious question. Description 1 of the original three acre school property purchased in 1891 contained no governmental descriptions by section, township and range, but merely located it with reference to Lot 18, Williams Addition to the town of Buffalo and a hedge fence. And it is conceded by all parties that that was the original school site. Likewise Description 2 of the two acre tract says its starting point is "the southeast corner of the *present* school property." And the beginning point in Description 3 of the 99 foot strip is "the southwest corner of the *present* school property." after the two acres had been added to it.

Respondent argues these designated *corners* of the school property became *monuments* locating the added land, and that they control over the 1090 foot *distance* from the center of Sec. 26, mentioned as establishing the commencing point for the description in the deed of the two acre tract made by appellant's father in 1938; and similarly with reference to the 844.48 foot distance mentioned in the condemnation judgment of 1942 covering the 99 foot strip. The condemnation judgment in 1942 not only located the 99 foot strip with reference to the "present" school property, but with respect to the "southeast corner" thereof and a "street leading to the public square and to school house." And the later partition decree *excepted* from appellant's 31 acres the part previously deeded and used for school purposes.

We think the contention of the respondent school district is sound, and that the trial court ruled correctly in sustaining it. It is well established doctrine that monuments, though artificial and not natural, will ordinarily control over courses and distances, if the monuments are established and can be located. 11 C. J. S., § 51(b), p. 617; 9 C. J., pp. 217-9, §§ 135, 140; Hartvedt v. Harpst (Mo.) 173 SW. (2d) 65, 70(16); State ex rel. Adams v. Hann (Mo.) 30 SW. (2d) 15, 18(3) [an established road]; Guitar v. St. Clair, 238 Mo. 617, 627-8(5), 142 SW. 291, 293(6) [established road]; Hubbard v. Whitehead, 221 Mo. 672, 681-4 (3-5), 121 SW. 69, 71-2 (4-6) [possession, improvement and payment of taxes and other provision of a deed held controlling over first false call for wrong block].

Likewise it is said in 11 C. J. S., p. 621, § 53: "In the absence of calls for other monuments, calls for adjoiners will, as a rule, control other and conflicting calls, since, where they are certain, they are monuments of the highest dignity. Adjoiners, in order to have controlling effect, must be established and well known, and must be called for in the conveyance; and where such calls are manifestly erroneous, they will be disregarded." See also 9 C. J., p. 222, § 148.

In this case Description 1 for the three acres calls for and refers to Lot 18, Williams Addition, stating the northeast corner ▮ thereof is "near" to the starting point of the description. Description 2 for the two acres states its commencing point *is* the southeast corner of the "present" school property. And Description 3 for the 99 foot strip recites its commencing point *is* the southwest corner of the then school property. The school with its five acres of land was a going concern and a public institution attended (no doubt) by many children, with an athletic field. Certainly it was a monument well known and of the highest dignity. We rule this major issue against appellant.

▮ Now returning to appellant's assignments of error in his brief. The first is that the trial court erred in permitting the respondent school district's attorney Scott to testify to the alleged intent of the school district when the 99 foot strip [Description 3] was condemned by the school district in 1942. It is said Mr. Scott's testimony was in effect a collateral attack upon the condemnation judgment of May, 1942, quoted earlier in this opinion, and an effort to qualify it by oral testimony. Whatever Mr. Scott may have said, this case was tried without a jury, and under Sec. 114 of the Civil Code, Laws Mo. 1943, p. 387, Sec. 847.114 Mo. R. S. A. it is our duty to decide it de novo as in suits of an equitable nature.

Referring back to the condemnation judgment [Description 3] it will be seen the description therein begins at the southwest corner of the two acre tract and thence runs east of a width of 99 feet for a distance of 562.32 (.38?) feet "*to* a road'" at point marked on the foregoing plat by a dot and "60 ft." Thence the line turns north 455.4 feet, west 231 feet, south 356.40 feet to the southeast corner of the two acre tract, and then west along the south border thereof for 358.38 feet to the place of beginning. This description does not close. The over-all east distance is 562.38 feet but the over-all west distance is 231 feet plus 358.38 feet, or 589.38 feet, an overplus of 27 feet. That may be overlooked because of the monuments (corners) to which the description is tied.

But the condemnation description did not even purport to cover the east 60 feet at or in the road, which would itself be a monument. On the contrary the judgment in that case said the 99 foot strip ran east *to* "a road," and *thence* north 455.4 feet to the street leading to the public square. In other words it excluded the road. Nevertheless, the appellant's petition in this case claimed title to Tract A for the full distance of 622.38 feet, which included the road for its 60 foot width east and west, and for the 100.14 foot width of Tract A north and south, and the respondent asserted title to the same land. The first paragraph of the judgment of the trial court in this quiet title suit, in reliance on attorney Scott's testimony, decided the issue in favor of respondent, and awarded the fee simple

title to the school district. We think this was not a collateral attack on the condemnation judgment since the appellant had put the question in issue and is estopped to say it is not in the case.

But the second paragraph of the judgment in this case went further. In reliance on Mr. Scott's testimony it also awarded a fee simple title to the respondent school district in the 60 foot roadway from the north side of Tract A to the north side, extended, of the two acre tract, a distance of 344.52 feet. This was clear outside the judgment in the condemnation suit for that judgment only went *to* the road and did not include it. The appellant's petition did not put that roadway in issue. And we think the same is true of the respondent school district's answer, although the latter did plead the condemnation judgment defensively, without stating any distances except the 99 foot width of the strip condemned, and the fact that it ran *to* the 60 foot public road and thence north to a street. The prayer was for judgment of title to "any and all land described in plaintiff's petition." And the petition described only Tract A. For these reasons we think the second paragraph of the land description in the judgment below should be striken out, because unsupported by the pleadings and evidence on both sides.

The second assignment made by appellant is that attorney Scott was permitted to testify as an expert witness concerning matters of engineering and surveying when he was not qualified as such. As stated in appellant's brief, the basis for this contention is that Mr. Scott testified concerning the location of markers, distances and the location of boundary lines and fences therealong. In particular appellant points to his testimony that he had measured from the center of Section 26 and found it to be 990 feet instead of 1090 feet as stated by the appellant in his testimony, it being further shown that appellant was an expert in roadbuilding, including the location and measurement of boundary lines.

We think there is no merit in the assignment. Mr. Scott had been attorney for the school district from time to time for a long while. He was one of the lawyers representing it in the condemnation suit. He was familiar with the history of the school grounds and with markings thereon, such as an iron peg, a stone gutter and fences, one of which fenced in Tract A with the school realty for a considerable time. He knew also the location of the mark on the pavement purportedly representing the center point of Section 26. He used it in making his measurement of 990 feet to the school land, and saw appellant measure it one day. The latter and his surveyor witness testified the distance was 1090 feet. In all these activities Mr. Scott did not act as an expert surveyor, but as a layman familiar with the facts. A layman can give his estimate of distance from his own knowledge. 23 C. J. S., § 875, p. 89; 16 C. J., § 1549, p. 754. No technical surveying was involved in what he did.

Appellant's last two assignments are that the judgment was against the weight of the evidence, unsupported by sufficient competent evidence, and for the wrong party. From what has already been said, it is evident that these assignments cannot be sustained.

The judgment of the trial court is affirmed, as modified herein by striking out the second paragraph of the land description therein, with respect to the 60 foot roadway from Tract A to the north side (extended) of the two acre tract. All concur.