**Clarence CARROZ and Belva Carroz, Plaintiffs-Respondents,**

v.

**Eugene M. KAMINISKI and Marcella E. Kaminiski, Defendants-Appellants.**

No. 55519.

Supreme Court of Missouri, En Banc.

June 14, 1971.

Max Oliver, Montgomery City, for respondents.

McQuie & Deiter, Montgomery City, for appellants.

HOLMAN, Judge.

This case, recently reassigned to the writer, is a quiet title action involving a tract of 15.40 acres alleged to be owned by plaintiffs. Defendants alleged that they were the owners of a tract of 24.10 acres adjoining plaintiffs' land on the north. In their answer they did not claim title to any of plaintiffs' land except to the extent that the land described in plaintiffs' petition might overlap their described premises. A trial before the court resulted in a judgment for plaintiffs quieting title to the land described in their petition. Defendants appealed. We have appellate jurisdiction because the judgment adjudicated title. Our jurisdiction remains even though we are of the opinion, as will hereinafter more fully appear, that there was no justiciable *title* controversy for decision between the parties.

The only witness in the case was William Palmer, a Registered Land Surveyor. He testified that he made a survey of plaintiffs' property in 1965. A plat of that survey

was admitted in evidence. It shows that plaintiffs' property is described as

"A parcel of land lying in the North part of Fractional Lot No. 2, in Section 7, Township 48 North, Range 3 West, in Montgomery County, Missouri, and more particularly described as follows: Commencing at an existing Iron Bar at the Southeast Corner of the Northeast Quarter of the Northeast Quarter of Section 1, Township 48 N., Range 4 West; thence South along the Section and Range Line, a distance of 4,260.7 feet, to an Iron Pipe and Pipe [pile] of Stones at the Northwest Corner of Section 7, Township 48 North, Range 3 West, the point of beginning of this description;

"Thence continuing along last described course, a distance of 813.0 feet, to an Iron Pipe and Pipe [pile] of Stones; thence N89°04'E, a distance of 783.1 feet, to an Iron Pipe and Pile of Stones; thence N0°38'E, a distance of 813.1 feet, to an Iron Pipe and Pipe [pile] of Stones; thence S89°04'W, and along the North Line of aforesaid Section 7, a distance of 792.0 feet, to the point of beginning, containing in all 15.40 acres, more or less."

It was stipulated that the deeds conveying the property to plaintiffs described the tract as "14.71 acres, the North Part of Lot 2 of the Northwest Fractional Quarter of Section 7, Township 48 North, Range 3 West." The description of defendants' record title was stipulated to be "The South Half of Lot 2 of the Southwest Quarter of Section 6, Township 48 North, Range 3 West."

It definitely appears from the pleadings, evidence, and argument that the land plaintiffs claim is located in Section 7 and that they are not claiming any land in Section 6; that the land defendants claim is all located in Section 6 and they are claiming no land in Section 7; and that the boundary line between the tracts of plaintiffs and defendants is the section line between Sections 6 and 7.

In our consideration of the questions presented we note that neither side claims any title by reason of adverse possession and, in fact, there is no evidence as to who is in possession of any of the property. There is no explanation as to how the 14.71 acres conveyed to plaintiffs became 15.40 acres at the time of the survey. We also observe that the surveyor testified that he "surveyed on around Mr. Carroz' property south of the section line" but he did not say that he followed the description in the deed or where he obtained a description of plaintiffs' tract. We assume that the iron pipes set to outline plaintiffs' tract in the Palmer Survey must have overlapped or encroached upon some of the south part of the land claimed by defendants but that does not appear in the record.

It clearly appears from the foregoing that neither plaintiffs nor defendants are claiming any title to the lands of which the other has title. This must be so because plaintiffs are claiming land located in Section 7 only, and defendants are limiting their claim to land in Section 6. The boundary line is admitted to be the section line between the two sections. It thus appears without question that the issue in this case is the location *on the ground* of the boundary between the two tracts. That is not a title controversy and the trial court therefore erred in decreeing title in plaintiffs. We think the general rule is applicable in this case, i. e., that ejectment is the appropriate remedy for the determination of a boundary line. See Albi v. Reed, Mo.Sup., 281 S.W.2d 882; Wilson v. Hart, 98 Mo. 618, 12 S.W. 249; and Robertson v. Drone, 100 Mo. 273, 13 S.W. 405.

Since there will likely be another trial we deem it prudent to mention the well established rule that " 'Evidence of a survey which is not definitely shown to have commenced from a corner established by the government or, if lost, re-established in accordance with statutes, is of no probative force.' " Klinhart v. Mueller, Mo.Sup., 166 S.W.2d 519, 523. See also Schell v. City of Jefferson, 357 Mo. 1020, 212 S.W.2d 430;

Klaar v. Lemperis, Mo.Sup., 303 S.W.2d 55; and Landers v. Thompson, 356 Mo. 1169, 205 S.W.2d 544. While we need not rule on the admissibility of the Palmer Survey, we note that it did not appear to start from an established or re-established government corner but commenced at an iron pin that had been placed in the ground by a Mr. Cardwell at the time of a previous survey of land in that area.

The judgment is reversed and the cause remanded in order that plaintiffs, if they desire, may ask leave to file an amended petition seeking appropriate relief, and, if such is filed, may thereafter obtain a new trial.

All concur.