Donald G. **WELLS** and Clara Wells, his wife, Plaintiffs-Respondents,

v.

A. W. **ELDER**, Defendant-Appellant.

No. 10187.

Missouri Court of Appeals, Springfield District.

Nov. 23, 1976.

Rehearing Denied Dec. 9, 1976.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for plaintiffs-respondents.

L. Michael Lorch, Robert M. Ramshur, Piedmont, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

In this court-tried case for trespass on realty [§ 537.340, RSMo 1969] plaintiffs were awarded treble damages for timber defendant cut on land plaintiffs claimed to own. We reverse.

The location of the boundary line between plaintiffs' land and an adjoining tract was the crucial issue in the case. Defendant had purchased the timber rights on the adjoining tract and cut trees to what had been pointed out by the owner as the boundary line between the two tracts.

Nearly two years after the timber was cut, plaintiffs caused a survey to be made of their 40-acre tract. This survey, made by the county surveyor, was received in evidence over defendant's objection. According to the survey the defendant cut and removed some trees from plaintiffs' land.

The survey, exhibit B, is before us. It commenced at a pile of stones that purport to mark the corner common to four sections. The surveyor said he located this corner "By old GLO information" he ordered from Rolla. The "GLO survey" was made in 1818, according to the witness.

Cross-examination of the surveyor revealed the following:

Q: Is there any evidence as to how long this pile of stones had been there?

A: Well not really, but it has been there I would say at least a year or two years.

Q: You mean this corner was set by somebody?

A: I said the stones had been there at least that long. I believe that corner was resurrected by Mr. Sam Smith.

Q: You think Sam Smith established that corner?

A: No I think he resurrected the corner.

Q: Is there something recorded in the Recorder's office to show that?

A: Not here. There is a copy of a survey executed by Mr. Smith.

Q: Is that on record here in the Recorder's office?

A: I don't believe it is on record here. It is on record at Rolla.

Q: Mr. Smith's survey is?

A: I am sure it is on microfilm.

Q: All right. Let me ask you this, you don't know this?

A: No I don't but I have seen a copy of the survey.

\* \* \* \* \* \*

Q: What I am getting to, has this corner ever been reset or resurrected according to the statutes of the State of Missouri?

A: I have no evidence that it has ever been reset or resurrected according to the statutes. It very well could be the original.

Q: But you don't know that it is?

A: I know the witness trees evidence is there and that is all.

Q: That is not what I asked you?

A: No I don't think—I couldn't say that it is sure enough the original.

\* \* \* \* \* \*

Q: You don't know who set it?

A: No that is true.

Q: But that is the corner of Mr. Smith's?

A: The Section Corner that Mr. Smith has used. He used it.

Section 60.150, RSMo 1969, makes a *proper* survey prima facie evidence. The instant survey is deficient in that it fails to show it commenced at a corner established by the government, or if lost, re-established pursuant to the statutory method [Chapter 446, RSMo 1969]. "Evidence of a survey which is not definitely shown to have commenced from a corner established by the government or, if lost, re-established in accordance with statutes, *is of no probative force.*" *Carroz v. Kaminiski*, 467 S.W.2d 871, 872 (Mo. banc 1971); *Burke v. Colley*, 495 S.W.2d 699, 702 (Mo.App.1973) (emphasis added)..

The survey and the surveyor's testimony relative thereto are of no probative force to delineate the boundary line between plaintiffs' land and the tract where defendant had purchased the timber rights. Exhibit B was not tied to a government marker or legally re-established corner. The exhibit was based on assumptions and conclusions from documents which were not offered in evidence. "Even the testimony of a surveyor as to the location of boundary lines is not to be received unless the data from which such lines are run is produced and proved." *Barnhart v. Ripka*, 297 S.W.2d 787, 792 (Mo. App.1956); *Pioneer Cooperage Co. v. Bland*, 228 Mo.App. 994, 75 S.W.2d 431 (1934).

To maintain this statutory action it was part of plaintiffs' burden to present substantial evidence that defendant cut and removed trees from plaintiffs' land. Since exhibit B and the surveyor's testimony are of no probative value, there is no substantial evidence to support the judgment in favor of the plaintiffs.

The judgment of the trial court is reversed.

All concur.