John R. Casteel, Icenogle, Casteel, Drover & Icenogle, Camdenton, for defendants-respondents.

**Samuel M. CORNELIUS and Mary M. Cornelius, his wife, Plaintiffs-Appellants,**

v.

**Lee R. TUBBESING and Eileen Tubbesing, his wife, Defendants-Respondents.**

No. 11290.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 14, 1980.

BILLINGS, Presiding Judge.

Boundary dispute. Plaintiffs [Cornelius] claimed a patio constructed by defendants [Tubbesing] encroached on their property and sought a mandatory injunction for removal of part of the patio and damages for trespass. The trial court entered judgment for defendants.[1] We affirm.

Cowan owned a tract of land which bordered the Lake of the Ozarks. In 1968 he conveyed, by metes and bounds, a part of the tract to Williams. In 1969 Williams conveyed this tract to defendants who in 1971 constructed the patio.

1. An earlier appeal was dismissed because final judgment had not been entered. 576 S.W.2d 753 (Mo.App.1979).

In 1969 Cowan conveyed, by metes and bounds, another portion of this tract to Dougherty. In 1973 Dougherty conveyed this parcel of land to plaintiffs. Plaintiffs thereafter had a survey prepared by a private surveyor and notified defendants that their patio encroached upon their property. Defendants disputed plaintiffs' claim and in 1977 plaintiffs filed this suit.

The location of the boundary line between plaintiffs and defendants was the crucial issue in the case and plaintiffs had the burden of proof. Plaintiffs' case was bottomed upon the private survey and a representative of the survey firm testified that this survey had been prepared from earlier surveys made for Cowan and a legal description furnished by plaintiffs' attorney. There was no evidence that the prior surveys or the later survey were tied to a government corner.

What we said in *Wells v. Elder*, 544 S.W.2d 258 (Mo.App.1976) at 259 is applicable to the present case:

"Section 60.150, RSMo 1969, makes a *proper* survey prima facie evidence. The instant survey is deficient in that it fails to show it commenced at a corner established by the government, or if lost, re-established pursuant to the statutory method [Chapter 446, RSMo 1969]. 'Evidence of a survey which is not definitely shown to have commenced from a corner established by the government or, if lost, re-established in accordance with statutes, *is of no probative force.*' *Carroz v. Kaminiski*, 467 S.W.2d 871, 872 (Mo. banc 1971); *Burke v. Colley*, 495 S.W.2d 699, 702 (Mo. App.1973) . . . . .

"The survey and the surveyor's testimony relative thereto are of no probative force to delineate the boundary line between plaintiffs' land and the tract where defendant had purchased the timber rights. Exhibit B [survey] was not tied to a government marker or legally re-established corner. The exhibit was based on assumptions and conclusions from documents which were not offered in evidence. 'Even the testimony of a surveyor as to the location of boundary lines is not to be received unless the data from which such lines are run is produced and proved.' *Barnhart v. Ripka*, 297 S.W.2d 787, 792 (Mo.App.1956); *Pioneer Cooperage Co. v. Bland*, 228 Mo.App. 994, 75 S.W.2d 431 (1934)."

The survey here was of no probative force and the trial court's judgment is affirmed.

All concur.