Donn F. EVANS and Mary E. Evans, Plaintiffs-Appellants,

v.

Gilbert C. HAMLING and Colleen H. Hamling, Defendants-Respondents.

No. WD32772.

Missouri Court of Appeals, Western District.

June 22, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 3, 1982.

James K. Journey, Clinton, for plaintiffs-appellants.

John A. Sanders, Gary V. Cover, Clinton, for defendants-respondents.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Plaintiffs Evans appeal from a judgment decreeing that defendants Hamling are the owners of a disputed strip of land along the common boundary of the parties.

The dispositive issue is the validity of the judgment as a matter of law. Review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Both parties claim record title from a common source. Both tracts are described portions of a large town lot in the City of Clinton. The deed boundary of the plaintiffs Evans on the west coincides with a portion of the eastern deed boundary of the defendants Hamling. The deed descriptions do not overlap but present a common boundary between the parties. By following the deed descriptions, the north-south boundary between the tracts is identical. The only question is the physical location of that boundary. The various conveyances from the predecessors in title are the identical descriptions and thus do not raise any question of record title. Additionally, the defendants executed a quit-claim deed to the lands now owned by plaintiffs as well as another tract not in dispute. That quit-claim was executed and delivered at the time defendants obtained record title in 1974. Defendant Hamling and his then wife had been purchasing the property under a contract for deed since 1963.

The property was first occupied by defendant Hamling in 1968. A small trailer was placed on the land which was subsequently replaced with a wider trailer which was located farther to the west. A year later, sometime in 1969, the defendants Hamling planted a row of trees running north and south along a line parallel and about 16 feet east of the boundary line called for in the deeds. These trees encroached on plaintiffs Evans' land by about 16 feet. The predecessors in title of the plaintiffs all testified that they "assumed" the trees were the boundary, but did not know the location of the boundary.

The plaintiffs Evans and the defendants Hamling enjoyed an amiable relationship during the first two years of the plaintiffs' occupancy. Both neighbors used the area on either side of the trees. The defendants Hamling parked their car and a truck to the east of the trees and had a picnic table and benches on both sides of the trees, a practice begun prior to the plaintiffs Evans' acquisition. Plaintiffs' Evans mowed on both sides of the trees.

In 1979, the defendants Hamling erected a chain link fence running north and south and just to the east of the line of trees. When plaintiff Evans discovered defendant Hamling in the process of constructing the fence, Evans challenged the action. The pair subsequently measured the property together with a tape measure, estimating the boundaries. The results of the measuring revealed the proposed fence encroached upon the deed description of plaintiffs Evans' property. Nevertheless, the defendants Hamling completed construction. Although Hamling claimed his property extended just to the east side of the trees, he had made this claim only to his wife and children. He admitted on cross-examination he knew when he erected the fence the boundary line could be in dispute.

Plaintiffs' petition sought damages for trespass and injunctive relief. The defendants Hamling filed a counterclaim, seeking title to the disputed 16-foot strip of land by reason of adverse possession. The judgment of the trial court ordered the defend-

ants Hamling to remove the fence and permanently enjoined the defendants Hamling from "entering, occupying or using the property of plaintiffs which is east of a line three feet west of and parallel to the existing fence line which is across the west end of plaintiffs property." That portion of the judgment is not appealed. The court also found title in the defendants Hamling by reason of adverse possession to the west 13 feet of the disputed 16-foot strip.

A survey was offered in evidence. The survey was performed by a registered land surveyor employed by plaintiffs Evans. The survey shows on its face that the survey commenced at a government corner, and was also tied to the south quarter corner of a section which point had been established by a U. S. Government resurvey of the section. From that beginning point, the beginning point for the adversaries' descriptions was located and the common boundary surveyed. The survey discloses that the fence erected by the defendants is 16 feet west of the north-south boundary line as shown by the deeds. The surveyor's testimony shows also that he reestablished the beginning point by a traverse line run to the "corner" and to the "quarter corner" reestablished by the U. S. Government resurvey. The only question arising from the survey is the accuracy of the calls for distance shown in the original town plat. The surveyor testified and his survey shows that the actual measurement from the section corner and the measurement shown on the plat of the town vary. Some other measurements vary from other distances shown by the old plats. The surveyor, aware of these discrepancies and of the well-settled rule that monuments control over distances, *Johnson v. Buffalo School Dist. No. 1*, 360 Mo. 962, 231 S.W.2d 693 (1950), located other existing monuments in the area before locating the beginning point for his survey. In any event, the defendant understandably does not press for adoption of the plat distances since they would, if adopted, result in moving the line farther west.

The trial court judgment declaring title to the 13 feet in defendants Ham-

ling erroneously applies the law and must be reversed. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court judgment is in error as a matter of law for the following reason. The defendants in this case had no record legal title to the property until 1974. The suit in this case was filed in 1980 and, therefore, the defendants' title by adverse possession is to be measured under those facts. The defendants' possession from 1968 to 1974 was as a purchaser under a contract for deed. The owner of the adjoining premises against which the defendants claim adverse possession was the vendor under that contract for deed. A purchaser in possession under a contract to deliver a deed upon payment of the purchase money cannot claim adversely to his vendor. *Adams v. Wright*, 353 Mo. 1226, 187 S.W.2d 216 (1945). In the instant case, the defendants could not claim adversely to their vendor from 1968 to 1974 as a purchaser under a contract for deed. Thus, under whatever view is taken of the evidence with respect to the possession of the defendants, they cannot claim adversely for the requisite statutory period of ten years.

It becomes immaterial what position the trial court took with respect to the claims of possession, for under any circumstances, the defendant could not establish a ten-year period of possession contrary to the rights of the vendor and his successors in title, the plaintiffs in this action. The trial court judgment finding title in the defendants by adverse possession is erroneous in its declaration and application of the law and that portion of the judgment must be reversed.

The plaintiffs were entitled to a judgment against the defendants for trespass since trespass is a remedy which may be maintained by a party in lawful possession. *Hoelmer v. Heiskell*, 359 Mo. 236, 221 S.W.2d 142 (1949); *Sumpter v. J. E. Sieben Construction Company*, 492 S.W.2d 150 (Mo. App.1973). The record is not satisfactory to determine the issues with respect to the plaintiffs' damages as a result of the defendants' trespass. The cause is, therefore,

reversed for an assessment of the plaintiffs' damages upon such proof as is presented on remand. The trial court's judgment with respect to the injunctive phase of the case is final and in any event should be sustained because the defendants have no right to maintain the fence they erected. The trial court judgment with respect to the removal of the fence is affirmed. The cause is reversed and remanded to the trial court with directions to enter a judgment for the plaintiffs on the issue of trespass. The trial court is directed to conduct further hearings with respect to the issue of damages and assess the plaintiffs' damages for trespass.

All concur.