**Reginald E. WILLIAMS and Frankie M. Williams, his wife, and Beulah Landley, Plaintiffs-Appellants,**

v.

**MADISON COUNTY WOOD PRODUCTS, INC., et al. Defendants-Respondents.**

No. 51082.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 2, 1986.

David L. Mayhugh, Private Atty., Charles W. Medlwy, Private Atty., Farmington, for plaintiffs-appellants.

Clinton B. Roberts, Private Atty., Farmington, James G. Freer, Private Atty., Flat River, for defendants-respondents.

DOWD, Presiding Judge.

Plaintiffs appeal from a judgment of the trial court in favor of defendants in this trespass and property damage action wherein defendants allegedly cut and removed timber on property claimed by plaintiffs. The trial court, sitting as trier of fact, found for defendants Madison County Wood Products and its employees and agents, ruling plaintiffs failed to establish the timber cut was on their property.

Plaintiffs appeal contending: 1) The trial court erred in finding the survey prepared by registered land surveyor Harold Koen failed to establish the boundary line claimed by plaintiffs; 2) It was reversible error to refuse to allow survey technician Donald Koen to testify as to the location of the southwest corner and about the field work he did in connection with the preparation of plaintiffs' survey; 3) The trial court erred in finding plaintiffs did not establish damages. We affirm.

Defendant Madison County Wood Products purchased four hundred plus acres of land to the south and west of the tracts

owned by plaintiffs. A fence runs east/west near the south line of plaintiffs' property and near the north line of defendant Madison County's property. The fence then corners and initially runs north at the west side of plaintiffs' tract and the east side of defendant's tract.

The disputed area begins at the southwest corner and runs north along the west side of plaintiffs' property and the east side of defendant's tract. Defendants treated the north/south fence as their eastern boundary and cut only on the west side of the fence. Plaintiffs claim their property line extends west of the north/south fence. By cutting to the fence line, plaintiffs contend defendants cut timber located on plaintiffs' property.

After defendant Madison County purchased the land adjoining plaintiffs' property, its Vice President, Doug Gaines, hired a surveyor to conduct a survey of the complete tract. The surveyor encountered difficulty finding the Government Land Office (G.L.O.) corners of the tract and informed Doug Gaines it would be very expensive to complete a survey of the entire tract. The surveyor had the G.L.O. notes for that portion of the tract that adjoined plaintiffs' property and the fence line was very close to the G.L.O. measurements. Doug Gaines testified that the surveyor stated he felt safe that the fence line was either the boundary line or within Madison County Wood Products' boundary.

Because of the expense involved in having a survey line run on this portion of the tract, Doug Gaines made a business decision to treat the fence as the property line. He instructed his crew to stay on the western side of the north/south fence.

Doug Gaines testified his first indication of trouble came in September 1982 when his logging crew foreman, Larry Laughlin, notified him that plaintiff Mr. Williams had complained that some trees had fallen on his fence and that the machine that collects the fallen timber (log skidder) had run through his fence. Larry Laughlin testified that he and Mr. Williams walked the north/south fence and they reached a consensus that the north/south fence was Mr. Williams' property line. The log skidder operator testified he overheard Larry Laughlin and Mr. Williams' conversation and that Mr. Williams had stated he did not see any evidence that they had cut timber on his property. Doug Gaines was informed of a property dispute a few days later.

In May 1983, plaintiffs brought this action against defendants. They amended their petition in September 1984, alleging defendants had cut and removed timber from land owned by plaintiffs and prayed for treble damages under § 537.340, RSMo 1978.

In April 1984, plaintiffs hired Koen Surveying Company to prepare a plat of their land. Harold Koen, a registered land surveyor, testified that a survey of plaintiffs' land was conducted and a plat was drawn. The plat showed plaintiffs' boundaries extend west of the north/south fence.

Harold Koen testified his son Donald Koen oversaw the field work on this survey. Harold Koen stated his physical activity was limited due to shortness of breath from emphysema. He was unable to walk farther than a quarter mile. He stated he was at the property on only one occasion. After the survey crew located what they thought were the government corners, he went out to inspect the southwest corner. He testified the survey started from the southwest corner and in his opinion the southwest corner was a government corner. After he reviewed all of the calculations of the field crew, Koen testified that as the registered surveyor he sealed the survey.

Initially at trial, plaintiffs attempted to introduce the findings of the survey through witnesses other than Harold Koen, the registered surveyor who sealed the survey. The trial court rejected plaintiffs' attempts. After Harold Koen testified, the trial court allowed the plat into evidence.

Following the testimony of Harold Koen, the deposition of survey crew member Steve Hutchinson was read into evi-

dence. Hutchinson had testified that his directions were to go out and meet plaintiff Mr. Williams who was to show him the government corners of the property. Mr. Williams showed him three of the corners and the general area where he thought the southwest corner was located. Hutchinson stated that neither Harold Koen nor Donald Koen were ever at the property while he and the other member of the survey crew were there.

In its findings of fact, the trial court concluded that based on an observation of Harold Koen and a review of all the evidence, Harold Koen did not view the southwest corner. The court found, therefore, that plaintiffs presented no evidence to support a finding that the southwest corner is an original government corner. The court also found that plaintiff Williams initially agreed with defendants that the fence provided the dividing line between the properties. Defendants cut timber to their side of the fence only and the court ruled they had cause to believe the timber cut and removed was located on the property of Madison County Wood Products.

In its conclusions of law, the court ruled the survey prepared by Harold Koen did not establish the boundary line claimed by plaintiffs because there was no evidence that the survey commenced from a government corner. The court ruled the survey was of no probative force.

In this court tried case, the judgment of the trial court must be affirmed unless it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In their first allegation of error, plaintiffs contend the trial court erred in finding that plaintiffs' land survey did not establish the boundary line they claimed. It was plaintiffs' burden to present "substantial evidence" that defendants cut and removed timber located on plaintiffs' land. *Wells v. Elder*, 544 S.W.2d 258, 259 (Mo.App.1976).

■ As an initial matter, plaintiffs contend that once the court admitted the sur-

vey into evidence it was bound by the survey's findings. Plaintiffs confuse the admissibility of evidence with its probative force. "No rule of law requires the court to consider immaterial and incompetent evidence, although admitted in the case, on the contrary, it may and should be disregarded by the court...." 89 C.J.S. *Trial* § 589 (1955); *See also Powell v. Adams*, 98 Mo. 598, 12 S.W. 295, 297 (1889).

The testimony casting doubt on the foundation for admission of the survey, that the survey commenced at a government corner, was not heard until after the survey was admitted. Clearly, the court as trier of fact has the prerogative to determine the credibility of witnesses, and may accept or reject testimony even if uncontradicted. *Birmingham v. Kansas City Public Service Co.*, 361 Mo. 458, 235 S.W.2d 322, 327–28 (1950); *Baum v. Glen Park Properties*, 692 S.W.2d 831, 833 (Mo.App.1985). The court was not bound by the findings of the survey.

■ The court could have concluded from an observation of Harold Koen's physical condition and the deposition of Steve Hutchinson that Koen never inspected the southwest corner. Harold Koen was a seventy-four year old man at the time of trial who testified his physical activity was limited. Hutchinson's testimony cast doubt on Harold Koen's testimony that his son oversaw the field work of the survey. Hutchinson stated Donald Koen was never present on the property when the surveying crew was there. Also, Harold Koen testified the southwest corner was pointed out to him for inspection. The court could have logically concluded that only the survey crew, whose duty it was to locate the corners, could have directed Koen to the southwest corner. Yet Hutchinson testified Harold Koen was never at the property when the survey crew was present.

A survey which is not definitely shown to have commenced from an established government corner has no probative force. *Carroz v. Kaminiski*, 467 S.W.2d 871, 872 (Mo. banc 1971); *State ex rel. State High-*

*way Commission v. Dunn,* 569 S.W.2d 353, 357 (Mo.App.1978). The record supports the trial court's conclusion that plaintiffs failed to meet their burden of showing the survey commenced from a corner established by the government. Point denied.

In their second allegation of error, plaintiffs contend the trial court erred in refusing to allow survey technician Donald Koen to testify about the field work he did in connection with plaintiffs' survey and as to the location of the southwest corner. After a careful review of the record, we are satisfied the trial court did not prohibit Donald Koen from testifying. Rather, the court was simply invoking its discretion in coordinating the order of evidence.

The court concluded the proper order of testimony, if plaintiffs wanted to discuss the survey sealed by registered surveyor Harold Koen, would begin with that of Harold Koen. Plaintiffs attempted to introduce the testimony of survey technician Donald Koen before that of registered surveyor Harold Koen, who was present in the courtroom. The court stated its position as follows: "I think if we're going to talk about the plat of Mr. Harold L. Koen, we need Mr. Harold Koen, the registered land surveyor, here to testify as to how that survey was conducted and that plat was prepared."

Plaintiffs also attempted to introduce the deposition of survey crew member Steve Hutchinson before that of the registered surveyor. The court consistently denied plaintiffs' offer of proof on the same grounds, that the registered land surveyor who sealed the survey should testify first: "I think that after the registered land surveyor has testified as to how he conducted the survey, if there is something that comes out in that evidence that needs explanation, clarification or further foundation, then it might be opened at that time to possibly be admitted." After Harold Koen testified, the deposition of Steve Hutchinson was read into evidence.

The law in Missouri is clear that the order of introducing evidence at trial lies in the sound discretion of the trial court. *Bedenk v. St. Louis Public Service Co.,* 285 S.W.2d 609, 613 (Mo.1955); *Siedler v. Tamar Realty Co.,* 491 S.W.2d 566, 569 (Mo. App.1973). Such discretion will not be interfered with by an appellate court "unless the trial court has palpably abused such discretion, to the prejudice of the complaining party." *Bedenk, supra,* at 613.

Nothing prevented plaintiffs from re-offering the testimony of Donald Koen after Harold Koen testified. Perhaps plaintiffs chose not to do so because it was revealed on voir dire of Donald Koen that he had taken the Missouri examination to become a registered surveyor three times and was unsuccessful on each attempt. The deposition of Steve Hutchinson, in which he testified Donald Koen was never at the property while the survey crew was present, could be another reason behind plaintiffs' decision not to re-offer Donald Koen's testimony. We find no abuse of the trial court's discretion. Point two is denied.

In their third allegation of error, plaintiffs challenge the trial court's finding that plaintiffs did not establish damages. As we have affirmed the trial court's finding that plaintiffs failed to meet their burden of establishing that the timber cut and removed was located on their property, a necessary element to their cause of action, we need not address the issue of damages.

Defendants' motion to dismiss plaintiffs' appeal for failure to comply with the requirements for appellate briefs as provided in Rule 84.04 is denied.

The judgment of the trial court in favor of defendants is affirmed.

REINHARD and CRIST, JJ., concur.