Kenneth L. **HAGAR** and Sarah R. Hagar, his wife, Plaintiffs-Respondents,

v.

Lawrence Ray **GEARY** and Shirley Ann Geary, his wife, Defendants-Appellants.

No. 11265.

Missouri Court of Appeals, Southern District, Division Three.

April 28, 1980.

Motion for Rehearing and for Transfer Denied May 14, 1980.

---

Dwight Crader, Crader & Crader, Sikeston, for plaintiffs-respondents.

Donald R. Rhodes, Bloomfield, for defendants-appellants.

BILLINGS, Presiding Judge.

Action in ejectment. Trial court entered judgment awarding plaintiffs possession of

certain real property located in Stoddard County, Missouri. We affirm.

On January 15, 1977, defendants, by warranty deed, transferred a fee simple interest in a tract of land to L. G. and Betty Morris but excepted the following described part:

"The south 400 feet of lot 4 and lot 3 (also known as the southeast quarter (SE ¼) of the northwest quarter (NW ¼) lying east of Castor River and west of the County Road, in section 23, township 27 north, range 10 east of the fifth principal meridian in Stoddard County, Missouri, containing one acre, more or less."

On January 28, 1977, L. G. and Betty Morris, by warranty deed, conveyed a tract to plaintiffs, subject to the exception, supra. On January 29, 1977, defendants erected a fence across land that plaintiffs contended they had received in fee simple from L. G. and Betty Morris. Defendants asserted that this fenced area was excepted in defendants' original conveyance to L. G. and Betty Morris.

▪ Defendants contend the trial court erred in allowing plaintiffs to introduce the following parol evidence: (1) the warranty deed from defendants to L. G. and Betty Morris; (2) the contract for sale between the defendants and L. G. and Betty Morris; and (3) testimony by defendants' former counsel on what was meant to be excepted by the Defendants-Morris warranty deed. Defendants contend that the terms of the warranty deed, between L. G. and Betty Morris and plaintiffs, control and cannot be "impeached" by prior contracts and other "parol evidence" in an action for ejectment.

In *Snadon v. Gayer*, 566 S.W.2d 483 (Mo. App.1978), the grantors of a goat ranch brought an action in ejectment against their grantees, seeking to regain possession of a certain tract of land that the grantors contended they had excepted in their warranty deed to their grantees. This court stated:

"The ambiguity thus engendered, although not apparent on the face of the deed, was a *latent ambiguity*, well-defined as being 'an uncertainty which does not appear on the face of the instrument, but which is shown to exist for the first time by matter outside the writing.' [Citations omitted]. . . . 'Such an ambiguity, it is practically agreed by all the cases, may be explained and removed by parol evidence; having been revealed by matter outside the instrument, it may be removed in the same manner.' " 566 S.W.2d at 488.

In this case, a latent ambiguity was shown to exist for the first time by a surveyor's plat and testimony; the testimony of defendants' former counsel; the testimony from L. G. and Betty Morris; and the contract for sale between the Morrises and defendants. We find that it was permissible for the trial court to allow this parol evidence to reveal, explain, and remove a latent ambiguity and that this evidence constituted the requisite substantial evidence to support the trial court's judgment. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

▪ Defendants next aver that the trial court erred in admitting Exhibits 8 and 9, parts 1 and 2. Defendants contend that Exhibit 9, part 2, a photocopy of a survey on file in the Recorder of Deeds Office, was not a certified photocopy and therefore, inadmissible. Further, because Exhibits 8 and 9, part 1, were "based" upon this copy, they were also inadmissible.

Exhibits 8 and 9, part 1, were surveys made by plaintiffs' private surveyor with the latter survey plat showing that Exhibit 8 was tied to an established government corner. At trial, plaintiffs' surveyor testified that he began from an established government corner, as reflected by Exhibits 8 and 9, part 1. Exhibit 9, part 2, was apparently introduced to corroborate the surveyor's testimony that he began from an established corner.

We find that Exhibits 8 and 9, part 1, were properly admitted into evidence on the basis of the surveyor's testimony and a showing on the face of these surveys that they were tied into an established government corner. *Cornelius v. Tubbesing*, 593

S.W.2d 609 (Mo.App.1980); *Wells v. Elder*, 544 S.W.2d 258 (Mo.App.1976). Exhibit 9, part 2, was improperly admitted into evidence because it was not a properly certified copy. § 60.370, RSMo 1978; § 446.150, RSMo 1978. The defendants, however, were not prejudiced by the introduction of this evidence and this error did not materially affect the merits of this action. Rule 84.13(b), V.A.M.R.

The judgment is affirmed.

All concur.