LAUMIER, Defendant in Errror, v. FRANCIS, Plaintiff in Error.

1. A person who is interested in the event of a suit, in that he is bound to pay half the damages and costs in case of a recovery by plaintiff, is not "a person for whose immediate benefit the action is defended," within section 2 of article 25 of the practice act of 1849, (Sess. Acts, 1849, p. 100,) and consequently is a competent witness.
2. Definition of a servitude or easement.

*Error to St. Louis Law Commissioner's Court.*

This was an action commenced before a justice of the peace to recover damages allĕged in the complaint to have been caused by the accumulation of water up.on a lot in possession of defendant, adjoining a building in posse̩ssion of plaintiff. Upon the trial before the Law Commissioner's Court, one R. R. Walton was offered as a witness, who stated on his *voir dire* that he was interested in the suit, and expected to pay half the damages and costs, if plaintiff should succeed. He was rejected. The defendants duly excepted. It is unnecessary to set forth the evidence bearing upon the nature of the nuisance alleged to have been committed. The plaintiff obtained a judgment for fifty dollars. The defendant brings the case to this court by writ of error.

*Skinner*, for plaintiff in error.
*Hart & Jecko*, for defendant in error.

LEONARD, Judge, delivered the opinion of the court.

1. The court erred in excluding the witness Walton, offered on the part of the defendant, although he testified on his *voir dire* that "he was interested in the suit, and expected to pay half the damages and costs." By the new code, no person is to be excluded as a witness upon the score of interest; but this provision does not extend to "a party to the action, nor to any person *for whose immediate benefit this action is prosecuted or defended.*" This section is copied literally from the origi-

nal New York code, which was taken, in this particular, substantially from Lord Denman's act of the 6th and 7th Vic. ch. 28, sec. 1, where the words of the exception are, that the act " shall not render competent any party to any suit, &c., individually named in the record, or any lessor of the plaintiff, or any person in whose immediate and individual behalf any action may be brought or defended, either wholly or in part."

In Daviess v. Crain, (4 Sand. S. C. R. 355,) the Superior Court of the city of New York held that an insolvent debtor, who had assigned his property for the payment of his debts, was a competent witness in an action prosecuted or defended by his assignees in relation to his estate, the suit in such case not being prosecuted or defended for his *immediate benefit* within the meaning of the code. In the Farmers' & Mechanics' Bank v. Paddock, (1 Code Reporter, 81,) it was held that the suit was not defended for the immediate benefit of a person who stated that he was the real owner of the note sued upon, and that he had indemnified the defendant against the costs of the action, and this person was accordingly received as a competent witness for the defendant ; and in another New York case, (Weston v. Hatch, 6 How. Prac. Rep.) which was an action against an executor for work done for the testator, a residuary legatee, under the will, was admitted as a competent witness for the executor, and the court referred to the case of of a *cestui que trust* or *ward*, where the trustee or guardian was prosecuting or defending, as cases falling within the exception.

In the English case of Hill v. Hitching, (3 C. B. 299,) which was an action by a ship-broker to recover his commission, a witness, called for the plaintiff, stated that he expected to receive one half of whatever should be recovered, pursuant to an agreement between himself and the plaintiff, and yet it was held that he was not a person " in whose immediate and individual behalf" the action was brought, either wholly or in part, within the meaning of the proviso, so as to exclude him from being a witness. And Tindall, Chief Justice, remarked :

" If it had appeared that the plaintiff had made over to Cramond (the witness) a moiety of the commission, then I should have said that Cramond was a person in whose immediate and individual behalf the action was in part brought. But that is not so. Cramond, though he claims a moiety of the commission, under a separate and distinct agreement with the plaintiff, has no right to lay his hands upon any portion of the money to be recovered in this action." And Maule, Chief Justice, said : " The general scope of 6th and 7th Vic. ch. 28, is, to allow the examination of all persons, notwithstanding they may have an interest in the event of the suit. The meaning of the proviso is, that no person who is the formal plaintiff in the record shall be called as a witness, nor any person who, though not a formal plaintiff, is yet substantially so. For instance, suppose a man assigns a bond and sues the obligor in behalf of the assignee, the latter would be a person in whose immediate and individual behalf the action was brought, and therefore not an admissible witness."

Without, however, undertaking to lay down any general rule upon this subject, it is sufficient for our present purpose that very clearly this suit was not defended for the immediate benefit of the rejected witness, even supposing that he were under a legal obligation to indemnify the defendant against one half of the anticipated recovery. As the witness in the English case could not, in the language of the judge, lay his hand upon the money recovered (in which event the suit might be considered as prosecuted for his immediate benefit), so, in the present case, the plaintiff could not exact the recovery immediately from the rejected witness ; and therefore, in neither case could the suit be considered as prosecuted or defended for the immediate benefit of these persons, although in both cases part of the money recovered was ultimately to accrue to one of them, and fall as a burthen upon the other. The result is, the judgment must be reversed and the case retried, and, in view of this, it may not be improper to make a remark in reference to the merits of the controversy.

2. In the civil law, a servitude, which is but a single right of property, detached from the general ownership, and granted to another, and is called in our law an easement, is a burden affecting lands, by which the proprietor is restrained from the full use of his property, or is obliged to suffer another to do certain acts upon it, which, were it not for that burden, would be competent solely to the owner; and they are divided, in reference to their origin, into natural, legal and conventional. Where two contiguous fields belong to different proprietors, one of which stands upon higher ground than the other, the inferior field is obliged to receive the water that falls from the superior, and this is given as an instance of a servitude constituted by nature. (Irskine's Institutes, 408, 409.) We, of course, know nothing about the facts of the present case; but if such was the natural situation of these lots, and the plaintiff dammed up the water on the defendant's lot, by erecting a house upon his own, it is very obvious that he can not recover any damage occasioned thereby to his own property, in the absence of any statute, state or municipal, in relation to the duties of contiguous proprietors, and of any agreement between the proprietors themselves upon the subject. In the case supposed, the plaintiff himself would be the author of the nuisance, and of course could not hold another responsible for the damages that resulted to him from his own act. In Cooper v. Barber, (3 Taunton, 99,) the court appear to have been of opinion that a party who had collected the water, which had fallen upon his own ground, into a ditch, from which it percolated through the earth into the plaintiff's cellar, was liable, unless he had a right to do so by grant or prescription; yet no one supposed he would have been liable in that case, if the plaintiff had himself caused the accumulation of water from which the damage resulted.

We remark, further, that the fact that the defendant commenced filling up the lot, but desisted before the work was completed, is certainly very slight, if indeed any evidence by itself,

that the defendant had notice of the damage the water occasioned to the plaintiffs, and of a request to remove it. The judgment is reversed, and the cause remanded.