JOHN F. DOERBAUM, Appellant, v. FRANCIS FISCHER, Respondent.

February 14, 1876.

Plaintiff built a house, on his own lot, in such a manner as to cause the formation of a pond on defendant's lot adjoining, from which the water soaked through and injured plaintiff's building. *Held*, that plaintiff had no right of action.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Eber Peacock*, for appellant, cited: Session Acts, 1870, 454; Rev. Ord. (St. Louis) Art. 9, p. 103; Morgan v. Cox, 22 Mo. 375; Rust v. Low, 6 Mass. 94; 8 Johns. 421; 19 Johns. 384; 6 Modern, 314; Clemans v. Rankin, 22 Mo. 573; Hannibal v. Hannibal & St. Jo. R. R. Co., 49 Mo. 480.

*Farish & Griffin*, for respondent, cited: Laumier v. Francis, 23 Mo. 184.

GANTT, P. J., delivered the opinion of the court.

Doerbaum and Fischer were proprietors of adjoining lots. The ground of both sloped from west to east, and before the erection by Doerbaum, whose lot was the easternmost, of a building, and the filling up of a part of his land, the

water falling in rain ran over plaintiff's lot and found a way eastward. Doerbaum having built on his lot, and partially filled it up, the water thereafter falling collected on Fischer's lot, percolated through the soil, and found its way into Doerbaum's cellar, damaging his house seriously. Evidence to this effect was offered; and, in addition, the plaintiff offered to show, by a copy of the proceedings of the Board of Health, that this body, in April, 1874, resolved that "a pond or pool of water, situated in block ——, bounded north by Cozzens street, west by Summit avenue, south by Chouteau avenue, and east by Josephine street, reported to this board as a nuisance by the health officer, be, and the same is hereby, condemned as a public nuisance, and ordered to be abated as an urgent sanitary measure." The defendant objected to, and the court excluded, this evidence; exception was saved to this exclusion. This was all the evidence in the cause.

Defendant asked, and the court gave, an instruction that plaintiff had shown no right to recover. Plaintiff excepted, became nonsuit, and appealed to this court.

1. The petition in this case is peculiar. It states that plaintiff owned and occupied a lot on Chouteau avenue, and that defendant owned and controlled the lot adjoining it on the west, and allowed and permitted a large body of water to accumulate thereon, which became, and was, a nuisance; that this water had no outlet, and, being permitted to accumulate as aforesaid and to remain thereon, it was backed up against plaintiff's building, and, percolating through the soil, ran into plaintiff's cellar and injured his property. No negligence or willful wrong is imputed to defendant.

Defendant filed an answer denying every allegation of the petition; and the evidence, as far as it was admitted, showed that the old way by which the water escaped had been closed by plaintiff building and filling up on his lot. We think that the petition scarcely showed a right to recover

damages, but we are clear that the evidence disproves any such right. If the plaintiff, by erecting a house on his own lot, dammed up the water on defendant's lot, he cannot recover damages therefrom resulting, in the absence of any statute, State or municipal, defining the duties of adjoining proprietors. *Laumier* v. *Francis*, 23 Mo. 181; p. 184 for the remark quoted. One would be apt to think that a grave decision was scarcely needed to establish a conclusion so consonant with common sense, but, as the matter has been judicially decided by our own court of last resort, it is not amiss to refer to that decision.

2. We are not told for what purpose the plaintiff sought to give evidence of the proceedings of the Board of Health, and we are unable to see that they were relevant or competent for any purpose.

The judgment of the Circuit Court is affirmed. Judge BAKEWELL, having been of counsel, not sitting.