Frankie R. CHISHOLM and Margie R. Chisholm, Respondents,

v.

MBM, LLC, Appellant.

No. SD 30947.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 20, 2011.

**822**

Bryan O. Wade, Laura A. Greene, Husch Blackwell LLP, Springfield, for Appellant.

Karl Finkenbinder, Russ Schenewerk, Russ Schenewerk & Assoc., LLC, Branson, for Respondents.

DANIEL E. SCOTT, Judge.

MBM appeals from a judgment compelling it to restore an easement benefiting the Chisholms' vacation home. Broadly speaking, MBM challenges trial court findings as to the easement's validity and location.

We must affirm the challenged judgment unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In deciding if there is substantial evidence, we view the record and reasonable inferences favorably to the judgment, ignore contrary evidence and inferences, and defer to the trial court's ability to assess witness credibility. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App.2010). The judgment is presumed correct and MBM must show otherwise. *Grider v. Tingle*, 325 S.W.3d 437, 440 (Mo.App.2010).

Upon careful review of the record, we find substantial evidence that MBM had pre-purchase notice of this servitude, its location, and the recorded easement's book and page number. A land buyer with such notice ordinarily takes subject to the easement. The trial court correctly so ruled and did not err in declaring the easement's location. We affirm the judgment.

### Point I

MBM disputes the trial court's findings as to actual and constructive notice, primarily challenging their evidentiary support, and asserts that it cannot be bound by an easement of which it lacked notice.

Viewed in light of our standard of review, the record confirms that MBM had the means, whether or not used, to know of this servitude. Such "actual notice" (*Hamrick v. Herrera*, 744 S.W.2d 458, 462 (Mo.App.1987)) binds MBM irrespective of constructive notice. *See Hall v. Allen*, 771 S.W.2d 50, 53 (Mo. banc 1989)(purchaser bound by "either notice of record, actual notice, or constructive notice" of easement).

### *Background*

In 1999, the Chisholms bought a vacation home adjoining the Riverlake Resort on Lake Taneycomo. Public road access since 1960 was via private gravel roadway through the resort.

In April 1964, 35 years before the Chisholms bought the home, their title predecessors obtained from the resort owners a written "road driveway easement over and across [the resort] along the driveway and

roadway as presently located" to access the public road. This "driveway easement," as it was titled, was not recorded until April 1965.[1] In the interim, a new owner bought the resort in August 1964. Although the easement was recorded eight months after the resort was sold, the new resort owner knew of the roadway location and its use by Chisholms' predecessors.

The resort changed hands several more times after 1964. These resort owners knew that the Chisholms' predecessors, and later the Chisholms, used the driveway.

MBM bought the resort property in 2006. Its principal, Mr. Daniels, saw the driveway in a pre-purchase property inspection. MBM's pre-closing title search listed the recorded easement by book and page. When this case was tried, Daniels conceded his pre-closing awareness of the recorded document and that the Chisholms had a right of access across the resort property.

MBM tore up part of the subject roadway in aid of its plan to build condominiums, resulting in this litigation.

### Analysis

■ MBM had actual notice of the easement from its title search, even if the recorded instrument was outside MBM's chain of title. *Hamrick, supra,* is instructive because it involved property restrictions of record which, for technical reasons, allegedly did not give constructive notice. But even if appellants "escape[d]

the consequences of constructive notice, the fact is they had actual notice of the restrictions" because they were listed by document number and recording date in appellants' title commitment and owner's title policy. 744 S.W.2d at 462.

> These documents [the title commitment and owner's policy] informed the appellants that their property was burdened by these restrictions and constituted actual notice.... Actual notice includes the circumstance of having the means to know the fact in question even though such means may not be employed. Whatever fairly is sufficient to put an ordinarily prudent person on inquiry constitutes notice of such facts as would be disclosed by reasonable pursuit and proper inquiry.

*Id.*

■ Bolstering this actual notice were Daniels' pre-purchase observations. MBM was charged with notice of an easement if existence of the servitude was apparent upon ordinary inspection of the premises. *Hall,* 771 S.W.2d at 53. The servitude here was the Chisholms' right to limited roadway use without possession of it; a charge or burden on the resort property for the Chisholms' benefit.[2] Evidence fully supports the trial court's finding that Daniels "visited the property prior to purchasing it and visually saw the private road traversing [MBM's] property which gave access to [the Chisholms'] garage." Indeed, Daniels acknowledged the Chis-

---

1. The Chisholms' deed included conveyance of their seller's right, title, and interest to the April 1964 driveway easement, referenced by its recorded book and page.

2. *See* Black's Law Dictionary, p. 1400 (8th ed.2004), or as stated in *Laumier v. Francis,* 23 Mo. 181, 184 (1856):

   In the civil law, a servitude, which is but a single right of property, detached from the general ownership, and granted to another, and is called in our law an easement, is a burden affecting lands, by which the proprietor is restrained from the full use of his property, or is obliged to suffer another to do certain acts upon it, which, were it not for that burden, would be competent solely to the owner.

holms' right of access across the resort property, which MBM had to honor and could not deny. Such notice of the servitude, coupled with notice from the title search, doubly supports the trial court's finding that MBM did not buy the resort free of the Chisholms' easement.[3]

We deny Point I, which means we need not address Point II (implied easement) or alternative reasons why a valid easement may exist and bind MBM. Instead, we consider Point III and the easement's location.

### Point II

■ In pertinent part, Point III complains that the judgment's location of the easement "conflicts with" trial evidence, relies in part on a legal description "not presented during trial," and "grants relief beyond the pleadings." None of these claims persuade us.

■ A judgment's "conflict" with trial evidence is not, in itself, a basis for relief. Conflicting evidence pervades contested cases. We trust fact-finders to resolve those conflicts and we defer to their decisions, reversing (as applicable here) only if no substantial evidence supports the judgment or the weight of evidence is to the contrary. We can find neither in this case if we view the record as we must and as MBM fails to do. The judgment's designation of easement location is supported by witness testimony (Mr. Chisholm, a prior owner of his home, two prior owners of the resort, and a surveyor commissioned by a prior resort owner), a 1992 resort

survey, and a legal description of the roadway's centerline admitted as Plaintiff's Exhibit 10. This sub-claim fails.

■ Next, MBM claims the judgment's legal description "differs significantly" from Plaintiff's Exhibit 10, and condemns the trial court for "elect[ing] to go with a legal description found nowhere in the record." This is one of several instances where MBM is not served by hyperbole. The judgment's legal description comes straight from Plaintiff's Exhibit 10. The 224–word centerline description in the judgment mirrors the 224–word centerline description in Plaintiff's Exhibit 10. The trial court plainly did *not* "elect[ ] to go with a legal description found nowhere in the record," as MBM charges.

■ MBM's core complaint seems to be the 20–foot easement width. Plaintiff's Exhibit 10 provided only a centerline description for an easement of unspecified width. A judgment, of course, demands greater specificity. Having found a valid easement, the trial court had to set a width, and there was testimony that the road had been wide enough for two cars to pass, even in one particularly narrow spot.

"In any event," the trial court specifically found that the easement's exact location "would still be known and ascertainable had [MBM] not destroyed [it]. [MBM] shall not be allowed to destroy the easement it complains of and then subsequently argue that it is invalid because its exact location can not be identified." We concur and find further support in our supreme court's directive that "[i]f the old path

---

3. To reiterate, a person who purchases land "with actual, constructive, or implied notice that it is burdened with an easement in favor of other property ordinarily takes the estate subject to the easement." *Will Investments, Inc. v. Young,* 317 S.W.3d 157, 166 (Mo.App. 2010). Here, MBM had "actual or constructive notice of facts that would place a reason-

ably prudent person upon inquiry as to the title he or she is about to purchase" and there were "circumstances which in common reason and prudence ought to put a party to particular inquiry and by which inquiry [it] could have discovered the facts." *Id.* at 166, 167.

escapes detection, then the court should undertake to outline a route of access consistent with the interests of convenience, and reasonable, accessible use." *Hall,* 771 S.W.2d at 53. We deny this sub-claim and Point III as a whole.[4]

### Conclusion

None of MBM's complaints have merit. We affirm the trial court's judgment.

FRANCIS, P.J., and BARNEY, J., concur.

---

4. Despite oral argument, repeated reading of MBM's written arguments, and careful review of the petition, we do not understand MBM's "beyond the pleadings" claim and thus reject it.